**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x
ABRAHAM GUR and JORGE MALDONADO,    :
on behalf of themselves and on behalf of all other    :
similarly situated persons,    :       Civil Action No.  13-cv-3330 (PKC) (VVP)
   :
   :
                Plaintiffs,    :
   :
   :
       v.    :
   :
BEN'S LUXURY CAR AND LIMOUSINE    :
SERVICE, INC., HENRY ZILBERMAN,    :
ABRAHAM MZOUZ, AND PINHAS GADI,    :
   :
              Defendants.    :
-------------------------------------------------------------- x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' <u>MOTION FOR CONDITIONAL CERTIFICATION</u>

THOMPSON WIGDOR LLP

Douglas H. Wigdor
David E. Gottlieb
85 Fifth Avenue
New York, NY  10003
Telephone:  (212) 257-6800
Facsimile:  (212) 257-6845

*Counsel for Plaintiffs*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT .......................................................................... 1

ARGUMENT ....................................................................................................... 1

    I.    PLAINTIFFS FAR EXCEEDED THE "MODEST FACTUAL SHOWING" THAT THEY AND THE PUTATIVE COLLECTIVE ARE "SIMILARLY SITUATED" .... 1

        A.  Standard on Conditional Certification ................................................... 1

        B.  Plaintiffs Easily Meet Their *De Minimus* Factual Burden ...................... 3

    II.   DEFENDANTS' PROPOSED INDIVIDUALIZED FACT INTENSIVE REVIEW IS PREMATURE AND INAPPLICABLE AT THIS STAGE 6

    III.  PLAINTIFFS' PROPOSED FORM OF NOTICE IS APPROPRIATE ..................... 10

        A.  Workplace Notice Is Appropriate ...................................................... 10

        B.  The Requested Contact Information Is Appropriate ............................. 11

        C.  The Requested Content of the Notice of Pendency is Appropriate ....... 12

        D.  Defendants Should Provide Contact Information Over a Six Year Period ........... 13

CONCLUSION .................................................................................................. 14

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>

*Ack v. Manhattan Beer Distributors, Inc.,*
No. 11–Cv–5582 (CBA), 2012 WL 1710985 (E.D.N.Y. May 15, 2012)..........................10

*Ahmed v. T.J. Maxx Corp.,*
No. 10-CV-3609 (ADS)(ETB), 2012 WL 5507329 (E.D.N.Y. Nov. 14, 2012) ..............11

*Amador v. Morgan Stanley & Co. LLC,*
No. 11 CIV. 4326 (RJS), 2013 WL 494020 (S.D.N.Y. Feb. 7, 2013)................................7

*Andel v. Patterson-Uti Drilling Co.,*
280 F.R.D, 287 (S.D. Tex. 2012).......................................................................................9

*Avila v. Northport Car Wash, Inc.,*
No. 10-cv-2211 (LDW)(AKT), 2011 WL 833642 (E.D.N.Y. Mar. 10, 2011).................13

*Bamgbose v. Delta-T Group, Inc.,*
684 F. Supp 2d 660 (E.D. Pa. 2010).................................................................................9

*Barfield v. N.Y.C. Health and Hosp. Corp.,*
537 F.3d 132 (2d Cir. 2008) .............................................................................................8

*Bifulco v. Mortgage Zone, Inc.,*
262 F.R.D. 209 (E.D.N.Y. 2009).......................................................................................5

*Boyd v. Nashville Limo Bus, LLC,*
No. 11-CV-0841, 2012 WL 4754659 (M.D. Tenn. Oct. 4, 2012)....................................10

*Brock v. Superior Care, Inc.,*
840 F.2d 1054 (2d Cir. 1988) ...........................................................................................9

*Cohen v. Gerson Lehrman Group, Inc.,*
686 F.Supp.2d 317 (S.D.N.Y. 2010) ................................................................................6

*Cuzco v. Orion Builders, Inc.,*
477 F.Supp.2d 628 (S.D.N.Y. 2007) ................................................................................7

*D'Antuono v. C & G of Groton, Inc.,*
No. 11-CV-33 (MRK), 2011 WL 5878045 (D. Conn. Nov. 23, 2011) ..........................7-8

*Delaney v. Geisha NYC, LLC,*
261 F.R.D. 55 (S.D.N.Y. 2009) ......................................................................................12

*Eng-Hatcher v. Sprint Nextel Corp.,*
     No. 07 Civ 7350 (BSJ), 2009 WL 7311383 (S.D.N.Y. Nov. 13, 2009) ....................... 5-6

*Fang v. Zhuang,*
     No. 10-CV-1290 (RRM)(JMA), 2010 WL 5261197 (E.D.N.Y. Dec. 1, 2010)................12

*Foster v. Food Emporium,*
     No. 99 CIV 3860 (CM), 2000 WL 1737858 (S.D.N.Y. Apr. 26, 2000)............................2

*Francis v. A& E Stores, Inc.,*
     No. 06 Civ. 1638 (CS)(GAY), 2008 WL 4619858, (S.D.N.Y. Oct 15, 2008) ..................6

*Garcia v. Pancho Villa's of Huntington Village, Inc.,*
     678 F.Supp.2d 89 (E.D.N.Y. 2010) ............................................................................12

*Gordon v. Kaleida Health,*
     No. 08-cv-378S, 2009 WL 3334784 (W.D.N.Y. Oct. 14, 2009)....................................11

*Griffith v. Fordham Financial Management, Inc.,*
     No. 12 Civ. 1117 (PAC), 2013 WL 2247791 (S.D.N.Y. May 22, 2013) ..........................7

*Guan Ming Lin v. Benihana Nat'l Corp.,*
     No. 10 CIV 1335 (VM), 2010 WL 5129013 (S.D.N.Y. Dec. 15, 2010) ............................5

*Guillen v. Marshalls of MA, Inc.,*
     750 F. Supp. 469 (S.D.N.Y. 2010) ................................................................................3

*Gustafson v. Bell Atlantic Corp.,*
     171 F.Supp.2d 311 (S.D.N.Y. 2001) ...........................................................................10

*Hernandez v. Bare Burger Dio Inc.,*
     No. 12 CIV. 7794 (RWS), 2013 WL 3199292 (S.D.N.Y. June 25, 2013) ......................10

*Hernandez v. Immortal Rise, Inc.,*
     No. 11-CV-4360 (RRM)(LB), 2012 WL 4369746 (E.D.N.Y. Sep. 24, 2012) ..................5

*Hintergerger v. Catholic Health Sys.,*
     No. 08-cv-380S, 2009 WL 3464134 (W.D.N.Y. Oct. 21, 2009).....................................11

*Hoffman v. Sbarro.,*
     982 F. Supp. 249 (S.D.N.Y. 1997) ................................................................................2

*Hoffmann-La Roche Inc. v. Sperling,*
     493 U.S. 165 (1989).....................................................................................................10

*Iglesias-Mendoza v. La Belle Farm, Inc.,*
    239 F.R.D. 363 (S.D.N.Y. 2007) ............................................................. 3, 5, 8

*In re Milos Litigation,*
    No. 08 Civ. 6666 (LBS), 2010 WL 199688 (S.D.N.Y. Jan. 11, 2010) ............................ 12

*Iriarte v. Redwood Deli and Catering, Inc.,*
    No. 07 Civ. 5062, 2008 WL 2622929 (E.D.N.Y. June 30, 2008) ....................................... 4

*Jacob v. Duane Reade Inc.,*
    No. 11 Civ. 160, 2012 WL 260230 (S.D.N.Y. Jan. 27, 2012)...................................... 8, 10

*Jason v. Falcon Data Com, Inc.,*
    No. 09-CV-03990 (JG)(ALC), 2011 WL 2837488 (E.D.N.Y July 18, 2011).................... 7

*Jennings v. Cellco P'ship,*
    No. 12-00293, 2012 WL 2568146 (D.Minn. July 2, 2012) ............................................. 13

*Karvaly v. Ebay, Inc.,*
    245 F.R.D. 71 (E.D.N.Y. 2007) .................................................................................. 11

*Kearce v. West Telemarketing Corp.,*
    575 F. Supp. 2d 1354 (S.D. Ga. 2008) ......................................................................... 9

*Khamsiri v. George & Grank's Japanese Noodle Rest. Inc.,*
    No. 12 Civ. 0265, 2012 WL 1981507 (S.D.N.Y. June 1, 2012)................................. 4, 11

*Latortue v. Fast Payday Loans, Inc.,*
    No. 09-CV-171, 2010 WL 557712 (M.D. Fla. Feb. 11, 2010)......................................... 5

*Lee v. ABC Carpet & Home,*
    236 F.R.D. 193 (S.D.N.Y. 2006) ............................................................................... 7-8

*Lynch v. United Services Auto. Ass'n.,*
    491 F.Supp. 2d 357 (S.D.N.Y. 2007) ..................................................................... 2, 6, 8

*McGlone v. Contract Callers, Inc.,*
    867 F. Supp. 2d 438 (S.D.N.Y. 2012) ........................................................................... 2

*Mendoza v. Casa de Cambio Delgado, Inc.,*
    No. 07-CV-2579 (HB), 2008 WL 938584 (S.D.N.Y. Apr. 7, 2008) ................................ 6

*Myers v. Hertz Corp.,*
    624 F.3d 537 (2d Cir. 2010) ................................................................................. 1-2, 3

*Patton v. Thompson Corp.,*
    364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005) ....................................................................8

*Pippins v. KPMG LLP,*
    11 CIV. 0377 (CM)(JLC), 2012 WL 19379 (S.D.N.Y. Jan. 3, 2012) ............................11

*Raniere v. Citigroup Inc.,*
    827 F.Supp.2d 294 (S.D.N.Y. 2011) ......................................................................8, 13

*Romero v. H.B. Auto Grp., Inc.,*
    11 Civ. 386 (CM), 2012 WL 1514810 (S.D.N.Y. May 1, 2012).......................................9

*Rosario v. Valentine Ave. Disc. Store, Co., Inc.,*
    828 F. Supp. 2d 508 (E.D.N.Y. 2011) ................................................................11, 12

*Rutherford Food Corp. v. McComb,*
    331 U.S. 722 (1947)........................................................................................................8

*Salomon v. Adderley Indus., Inc.,*
    847 F. Supp. 2d 561 (S.D.N.Y. 2012) ............................................................................7

*Sanchez v. Gansevoort Mgmt. Grp., Inc.,*
    No. 12–Civ–265 (PAE), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) ............................4

*Sanchez v. Sephora USA, Inc.,*
    No. 12 Civ. 0043 (NRB), 2012 WL 2945753 (N.D. Cal. July 18, 2012) ........................13

*Schwerdtfeger v. Demarchelier Management, Inc.,*
    No. 10 Civ. 7557, 2011 WL 2207517 (S.D.N.Y. June 6, 2011)......................................12

*Searson v. Concord Mortg. Corp.,*
    No. 07–CV–3909 (DRH)(ARL), 2009 WL 3063316 (E.D.N.Y. Sept. 24, 2009)..............8

*Shajan v. Barolo, Ltd.,*
    No. 10 Civ. 1385 (CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010)............................11

*Sipas v. Sammy's Fishbox, Inc.,*
    No. 05 CIV 10319 (PAC), 2006 WL 1084556 (S.D.N.Y. Apr. 24, 2006) ........................5

*Spicer v. Pier Sixty LLC,*
    269 F.R.D. 321 (S.D.N.Y. 2010) ..................................................................................2

*Westfall v. Kendle Int'l CPU, LLC,*
    No. 05-cv-00118, 2007 WL 486606 (N.D. W.Va. Feb. 15, 2007)....................................8

*Whitehorn v. Wolfgang's Steakhouse, Inc.,*
    No. 09 CIV. 1148 (LBS), 2010 WL 2362981 (S.D.N.Y. June 14, 2010) ........................11

*Vaughan v. Mortgage Source LLC,*
    No. CV 08-4737 (LDW)(AKT), 2010 WL 1528521 (E.D.N.Y. Apr. 14, 2010)................5

*Young v. Cooper Cameron Corp.,*
    229 F.R.D. 50 (S.D.N.Y. 2005) .....................................................................................3

*Zaniewski v. PRRC Inc.,*
    848 F. Supp. 2d 213 (D. Conn. 2012)..............................................................................6

## **STATUES**

29 C.F.R. §1903.2.............................................................................................................11

29 C.F.R §516.4...............................................................................................................11

**PRELIMINARY STATEMENT**

Defendants acknowledge that as a matter of law Plaintiffs need only make a "modest factual showing" that they are "similarly situated" to the collective they seek to represent in order to be entitled to conditional certification of their Fair Labor Standards Act ("FLSA") claims, yet oddly claim that Plaintiffs' citation of that standard is somehow "desperate" or inappropriate. In fact, it is Defendants who appear desperate to run from the standard used in this Circuit at the conditional certification stage, citing nearly entirely out-of-circuit cases in a futile and misguided effort to deceive the Court into conducting an individualized and fact intensive review going to the merits of the claims, which courts in the Second Circuit have endlessly said is simply inappropriate on conditional certification. There is absolutely nothing "extraordinary" about Plaintiffs' requested relief as Defendants would have the Court believe – the lenient standard on conditional certification is necessary to notify putative collective members of their legal rights and their ability to participate in this action and toll the statute of limitations that continues to run against them. Plaintiffs have easily met this modest burden by showing that both named Plaintiffs, an opt-in Plaintiff, and all other Drivers/Chauffeurs were subject to identical policies and practices that violated the FLSA. At this stage, no further inquiry is needed.

**ARGUMENT**

**I.    PLAINTIFFS FAR EXCEEDED THE "MODEST FACTUAL SHOWING" THAT THEY AND THE PUTATIVE COLLECTIVE ARE "SIMILARLY SITUATED"**

**A.    Standard on Conditional Certification**

It is well established in the Second Circuit that to be granted conditional certification, Plaintiffs need only make a "modest factual showing" that they and potential opt-in plaintiffs "were victims of a common policy that violated the law." <u>Myers v. Hertz Corp.</u>, 624 F.3d 537,

1

555 (2d Cir. 2010) (citing Hoffman v. Sbarro, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). This lenient standard requires only "some factual basis from which the court can determine if similarly situated potential plaintiffs exist." Lynch v. United Services Auto. Ass'n., 491 F.Supp.2d 357, 368 (S.D.N.Y. 2007). At this stage, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012) (citing cases).

The term "conditional certification" can be misleading as granting conditional certification simply permits the distribution of a notice of pendency to the potential collective members to inform them of their legal rights. Courts have affirmed the importance of the lenient standard at this stage to ensure potential opt-in plaintiffs receive timely notice of their potential claims as their statute of limitations continues to run until opting-in to a collective action. See e.g. Spicer v. Pier Sixty LLC, 269 F.R.D. 321, 336 (S.D.N.Y. 2010) (finding that "the leniency of [the conditional certification] requirement is consistent with the broad remedial purpose of the FLSA," particularly as potential class members are losing their claims daily until they affirmative opt-in to this case); Foster v. Food Emporium, No. 99 CIV 3860 (CM), 2000 WL 1737858, *3 n.1 (S.D.N.Y. Apr. 26, 2000) ("because of the statute of limitations, potential plaintiffs may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable"). On the one hand, Defendants acknowledge this modest and lenient standard, yet on the other hand, ask the Court to deny the motion by conducting an individualized, fact intensive review on the merits. Compare Defs. Br. at 2 (acknowledging the leniency of the standard), with 8-18 (urging the court to undertake a fact intensive review).

Predictably, Defendants attempt to capitalize on the misnomer of "conditional certification" by seeking a heightened standard of review like that used at the Rule 23 "class

certification" stage.  See Defs. Br. at 8-9.  While the difference between the more stringent Rule 23 certification standard and the more lenient 216(b) analysis are plainly evident and universally accepted, it bears repeating: "The requirements of Fed. R. Civ. P. 23 do not apply to the approval of a collective action."  Guillen v. Marshalls of MA, Inc., 750 F. Supp. 469, 475 (S.D.N.Y. 2010) (citing Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005)); Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007).

**B.    Plaintiffs Easily Meet Their *De Minimus* Factual Burden**

Plaintiffs have far exceeded the lenient standard that only requires a "modest factual showing" that they and other Drivers/Chauffeurs together "were victims of a common policy that violated the law."  Myers, 624 F.3d at 555.  Specifically, as stated in Plaintiffs' moving papers, Plaintiffs have shown through sworn testimony and documentary evidence that:

- Plaintiffs and all other Drivers/Chauffeurs worked between 60 and 75 hours per week but were never paid any premium overtime compensation.

- Plaintiffs and all other Drivers/Chauffeurs were subjected to the same compensation policy whereby Defendants told Drivers/Chauffeurs that they would be compensated with a percentage of the fare paid by a customer and the entire gratuity.

- Plaintiffs and all other Drivers/Chauffeurs were subjected to the same compensation policy whereby Defendants misrepresented the amount of the fares and gratuities and compensated Plaintiffs and the potential opt-ins at an artificially reduced rate.

- Plaintiffs and all other Drivers/Chauffeurs were uniformly misclassified as "independent contractors" rather than "employees."

- Plaintiffs and all other Drivers/Chauffeurs had identical job duties.

- Plaintiffs and all other Drivers/Chauffeurs received identical periodic statements containing their routes, rates, tolls, gratuity and waiting time during each specified period.

- Plaintiffs and all other Drivers/Chauffeurs used identical invoices containing a "Ben's Luxury Car & Limousine Service" logo.

- Plaintiffs and all other Drivers/Chauffeurs were purportedly subject to the same rules and code of conduct.

See Pl. Br. at 2-5 (citing declarations of Gur, Maldonado, and Mohammad with attached exhibits). These factual allegations, supported by sworn testimony and associated documentary evidence, far exceed the lenient burden to show that Plaintiffs were subjected to a common policy of unlawful wage practices necessitating the issuance of a notice.[1]

In fact, courts routinely grant conditional certification where plaintiffs have presented far less evidence – and no documentary evidence as has been provided here – that there was a collective who together "were victims of a common policy that violated the law." See e.g. Iriarte v. Redwood Deli and Catering, Inc., No. 07 Civ. 5062, 2008 WL 2622929, at *3 (E.D.N.Y. June 30, 2008) (granting conditional certification based on one plaintiff's declaration of observations of widespread practices); Khamsiri v. George & Grank's Japanese Noodle Rest. Inc., No. 12 Civ. 0265, 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012) (granting conditional certification based on a single affidavit containing personal observations); Sanchez v. Gansevoort Mgmt. Grp., Inc., No. 12–Civ–265 (PAE), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) (granting conditional certification based on single swearing affidavit).

Defendants' rote argument that Plaintiffs' declarations are speculative, conclusory, and identical is belied by the facts and the law. Plaintiffs' declarations, each of which is different, contain detailed and specific allegations regarding the terms and conditions of their employment

---

[1]     Defendants argue that Plaintiffs Maldonado and Gur are not similarly situated to each other and therefore cannot be representatives of a "similarly situated" collective because of difference in their employment that do not even pertain to whether they were subjected to the same unlawful wage policies.   The only relevant inquiry is whether they were subjected to the same unlawful policy.  Plaintiffs have shown that they were.  See Pl. Br. at 2-5.

and compensation, as well as the same for the other Drivers/Chauffeurs with whom they worked for a combined 25 years.  See Hernandez v. Immortal Rise, Inc., No. 11-CV-4360 (RRM)(LB), 2012 WL 4369746 at * 4 (E.D.N.Y. Sep. 24, 2012) (finding declarations sufficient where they alleged widespread applicability of illegal practice based on "observations and conversations" with co-workers) (collecting cases stating that declarations containing "first hand observations" are sufficient for conditional certification); Iglesias-Mendoza, 239 F.R.D. at 368 (declarations containing "factual bases for [plaintiffs'] claims along with their knowledge of the applicability of their claims to members of the proposed class" adequately alleged common plan or scheme for conditional certification); Sipas v. Sammy's Fishbox, Inc., No. 05 CIV 10319 (PAC), 2006 WL 1084556 * at 2 (S.D.N.Y. Apr. 24, 2006) (affidavits that set forth an explanation of illegal pay practices and identified potential plaintiffs were sufficiently detailed to meet burden).[2]

Defendants attempt to undermine Plaintiffs' affidavits by citation to inapplicable cases where  tendered declarations did not identify a "common policy" or failed to provide any evidence of "similar situation."  Guan Ming Lin v. Benihana Nat'l Corp., No. 10 CIV 1335 (VM), 2010 WL 5129013 (S.D.N.Y. Dec. 15, 2010) (finding allegation to be conclusory where plaintiff failed to clearly articulate that policy that he was subject to was illegal); Latortue v. Fast Payday Loans, Inc., No. 09-CV-171, 2010 WL 557712 at *3 (M.D. Fla. Feb. 11, 2011) (out-of-circuit case denying conditional certification where affiants had no knowledge of compensation policies outside of their own location); Eng-Hatcher v. Sprint Nextel Corp., No. 07 Civ. 7350

---

[2]      Even if the declarations were identical, which they most surely are not, conditional certification would still be appropriate given the volume and weight of Plaintiffs' factual showing.  See e.g. Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 215 (E.D.N.Y. Nov. 9, 2009) (finding that affidavits, identical in form and accusation, still were sufficient for motion for conditional certification); Vaughan v. Mortgage Source LLC, No. CV 08-4737 (LDW)(AKT), 2010 WL 1528521 at *8 (E.D.N.Y. Apr. 14, 2010) (finding that "similarities between the affidavits" of plaintiffs was merely evidence that they were "similarly situate[ed]" and affidavits were sufficient for certification).

(BSJ), 2009 WL 7311383 at *3 (S.D.N.Y. Nov. 13, 2009) (discounting affidavit that provided no

details or other support for contention that policy affected others), <u>Francis v. A& E Stores, Inc.</u>,

06 Civ. 1638 (CS) (GAY), 2008 WL 4619858, at *3 n.1 (S.D.N.Y. Oct 15, 2008) (finding

evidence from plaintiff to be sufficient, where *defendant* tendered conclusory affidavits);

<u>Mendoza v. Casa de Cambio Delgado, Inc.</u>, No. 07-CV-2579 (HB), 2008 WL 938584 at *2

(S.D.N.Y. Apr. 7, 2008) (finding "principal defect" with affidavits to be lack of "factual nexus

with other putative employees" rather than that they were boilerplate and identical).

## II.  DEFENDANTS' PROPOSED INDIVIDUALIZED FACT INTENSIVE REVIEW IS PREMATURE AND INAPPLICABLE AT THIS STAGE

Rather than address the appropriate standard for conditional certification, Defendants'

attempt to mislead the Court into conducting a person-by-person fact-intensive inquiry into the

merits of the individual claims.  Defendants devote the majority of their brief to arguing that

conditional certification cannot be granted because to determine whether the Plaintiffs and other

Drivers/Chauffeurs were independent contractors or employees, "individual determinations are

likely to predominate."  Defs. Br. at 9.

This approach flies in the face of a well-established body of law which finds a fact

intensive analysis to be premature and inappropriate on conditional certification.  <u>Cohen v.</u>

<u>Gerson Lehrman Group, Inc.</u>, 686 F.Supp.2d 317, 326 (S.D.N.Y. 2010) ("[a]t [the conditional

certification] phase, the court does not resolve factual disputes, decide ultimate issues on the

merits"); <u>Lynch</u>, 491 F.Supp.2d at 368 ("a court should not weigh the merits of the underlying

claims in determining whether potential opt-in plaintiffs may be similarly-situated"); <u>Zaniewski</u>

<u>v. PRRC Inc.</u>, 848 F. Supp. 2d 213, 230 (D. Conn. 2012) ("An objection at this preliminary stage

to conditional classification based upon individual employees' asserted different circumstances

… does not persuade this Court in this case. This is the sort of issue that is more properly

considered on a more complete record"); Jason v. Falcon Data Com, Inc., No. 09-CV-03990

(JG)(ALC), 2011 WL 2837488 (E.D.N.Y. July 18, 2011) (finding individualized inquiry

premature at conditional certification); Amador v. Morgan Stanley & Co. LLC, 11 CIV. 4326

RJS, 2013 WL 494020 (S.D.N.Y. Feb. 7, 2013) ("person-by-person fact intensive inquiry

[sought by Defendants] is premature at the conditional certification stage and has been

specifically rejected by courts within this Circuit."); Salomon v. Adderley Indus., Inc., 847 F.

Supp. 2d 561, 565 (S.D.N.Y. 2012) ("Defendant will have an opportunity to argue that individual

inquiries predominate over common issues, based upon the discovery, at the second phase.

Accordingly, Defendant's argument is premature.").[3]

In fact, even the very specific fact-intensive inquiries Defendants claim are likely to

predominate – whether Plaintiffs and other potential plaintiffs were misclassified as independent

contractors rather than employees – has been found to be premature and inappropriate at this

stage. See e.g. Cuzco v. Orion Builders, Inc., 477 F.Supp.2d 628, 634 (S.D.N.Y. 2007) (granting

conditional certification, stating "though Plaintiff must, of course, ultimately prove that

[Plaintiff] and others were employees and not independent contractors, that inquiry need not be

answered in deciding this motion [for conditional certification]"); Griffith v. Fordham Financial

Management, Inc., 12 Civ. 1117 (PAC), 2013 WL 2247791 at *3 (S.D.N.Y. May 22, 2013)

(granting conditional certification and finding arguments that plaintiffs, as independent

contractors, were exempt from FLSA were premature at conditional certification stage); Lee v.

ABC Carpet & Home, 236 F.R.D. 193, 198 (S.D.N.Y. 2006) (granting conditional certification

and declining to consider "ultimate question in this case" of whether individuals were employees

or independent contractors at certification phase); D'Antuono v. C & G of Groton, Inc., No. 11-

---

[3]     The cases cited by Defendants in footnote 1 of their brief are inapplicable as they are all
out-of-circuit cases that rely on an inapplicable standard.

CV-33 (MRK), 2011 WL 5878045 at *3 (D. Conn. Nov. 23, 2011) (granting conditional

certification and refusing to determine whether individuals plaintiffs were employees or

independent contractors).

     Similarly, courts have held that any examination of whether an individual is "exempt"

from FLSA requirements is inappropriate at the notice stage. See e.g. Jacob v. Duane Reade Inc.,

11 Civ. 160, 2012 WL 260230 at *5 (S.D.N.Y. Jan. 27, 2012) (granting conditional certification

and stating that the issue of whether their job description made plaintiffs rightfully exempt from

FLSA overtime requirements was inappropriate to determine at conditional certification stage);

Iglesias-Mendoza, 239 F.R.D. at 368 (granting conditional certification and delaying

examination of applicability of FLSA exemption until decertification phase); Searson v. Concord

Mortg. Corp., 07–CV–3909 (DRH)(ARL), 2009 WL 3063316, at *6 (E.D.N.Y. Sept. 24, 2009)

(granting conditional certification and finding that possibility that FLSA exemption applied to

some plaintiffs need not be considered at conditional certification stage).[4]

     The remaining largely out-of-circuit cases cited are also unavailing.  See Rutherford Food

Corp. v. McComb, 331 U.S. 722 (1947) (merely stating that independent contractors not covered

under the FLSA); Barfield v. N.Y.C. Health and Hosp. Corp., 537 F.3d 132, 140-41 (2d Cir.

2008) (same); Westfall v. Kendle Int'l CPU, LLC, 05-cv-00118, 2007 WL 486606, at * 8-9

(N.D. W.Va. Feb. 15, 2007) (recognizing "that at the first stage of analysis, the plaintiff has a

low bar to meet and has thus met that standard.  The defendants' arguments are more appropriate

---

[4]    To the contrary, courts have found that a uniform exemption misclassification militates *in favor* of conditional certification as evidence that they were all "similarly situated."  Lynch, 491 F. Supp. 2d at 370 (stating "[c]ourts typically authorize dissemination of Section 216(b) notice upon a simple showing that other employees may also have been subjected to the employers' practice of 'misclassifying'"), Patton v. Thompson Corp., 364 F. Supp. 2d 263, 267 (E.D.N.Y. 2005) (stating "similarly situated" standard satisfied where plaintiffs position was nationally misclassified as exempt); Raniere v. Citigroup Inc., 827 F.Supp.2d 294, 322 (S.D.N.Y. 2011) (finding that nationwide reclassification "lend[s] support to conditional certification").

in the second stage of the similarly situated inquiry"); <u>Bamgbose v. Delta-T Group, Inc.</u>, 684 F. Supp 2d 660, 668-69 (E.D. Pa. 2010) (out-of-circuit case applying more stringent standard following significant class discovery including 6,700 pages of document production, depositions and contacting class members); <u>Romero v. H.B. Auto Grp., Inc.</u>, 11 Civ. 386 (CM), 2012 WL 1514810, at *13 (S.D.N.Y. May 1, 2012) (agreeing that "the merits of Plaintiffs claim are not at issue on a motion for conditional certification" but denying motion for Rule 23 certification because no factual showing of similarity between differently classified workers who performed different job duties); <u>Andel v. Patterson-Uti Drilling Co.</u>, 280 F.R.D, 287, 289-90 (S.D. Tex. 2012) (out-of-circuit case applying different standard); <u>Kearce v. West Telemarketing Corp.</u>, 575 F. Supp. 2d 1354, 1358 (S.D. Ga. 2008) (same).

Moreover, and even though not pertinent at this stage, Plaintiffs can easily establish entitlement to coverage under the FLSA as employees. Defendants correctly cite the "economic reality test" to determine whether an individual can be considered an employee or independent contractor for purposes of the FLSA:

> These factors [] include: (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

<u>Brock v. Superior Care, Inc.</u>, 840 F.2d 1054, 1058-59 (2d Cir. 1988) (citations omitted). Here, Defendants clearly exerted the sufficient degree of control to qualify as employers. Defendants, *inter alia*, had hiring power, assigned all work to Drivers/Chauffeurs, set the schedule for Drivers/Chauffeurs, did not allow Drivers/Chauffeurs to "cruise" for passengers, were responsible for setting the payment arrangement with Drivers/Chauffeurs, and contemplated an open ended working relationship with Plaintiffs. Additionally, the work provided by Plaintiffs

was integral to Defendants' business.  See Gur Decl. at ¶ 4, 7, 8, 11; Maldonado Decl. ¶ 4, 7, 8,

14; Mohammad Decl. ¶ 4, 7, 8, 14.  This is more than sufficient to establish that Plaintiffs were

employees, not independent contractors.  Gustafson v. Bell Atlantic Corp., 171 F.Supp.2d 311,

325 (S.D.N.Y. 2001) (finding chauffeur an employee where company told him who to drive and

set schedule, driving required no special skill, and driver had no opportunity for profit outside of

company); Boyd v. Nashville Limo Bus, LLC,  No. 11-CV-0841, 2012 WL 4754659 at *7-9

(M.D. Tenn. Oct. 4, 2012) (finding that drivers were employees where defendants arranged

appointments and schedule, set work locations, plaintiffs made no investment in business,

plaintiffs were hired for an indefinite period, and duties of plaintiffs were integral to business).

III.   **PLAINTIFFS' PROPOSED FORM OF NOTICE IS APPROPRIATE**

The purpose of issuance of a notice of pendency ("Notice") is to ensure potential

plaintiffs are aware of their potential claims and to advise them of their right to opt-in to a

collective action.  Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169–171 (1989).  To that

end, notice ought to be provided in an efficient and expeditious manner, intended to maximize

the probability that all potential plaintiffs are properly notified.  Defendants seek to limit the

form of the notice in order to discourage participation.

A.   **Workplace Notice Is Appropriate**

As demonstrated in Plaintiffs' initial brief, courts accept the posting of Notice at a

defendant's place of business to be appropriate to ensure notification is made.  See Pl. Br. at 13

(citing cases); see also e.g. Hernandez v. Bare Burger Dio Inc., 12 CIV. 7794 (RWS), 2013 WL

3199292 (S.D.N.Y. June 25, 2013) ("Such posting at the place of employment of potential opt-in

plaintiffs is regularly approved by Courts."); Ack v. Manhattan Beer Distributors, Inc., No. 11–

Cv–5582 (CBA), 2012 WL 1710985, at *6 (E.D.N.Y. May 15, 2012) (same); Jacob, 2012 WL

260230 at 10 (collecting cases).

Defendants argue that notifications other than mail should not be used unless Plaintiffs "prove necessity for other methods" which is unsupported by their cited cases. <u>Shajan v. Barolo, Ltd</u>, 10 Civ. 1385 (CM), 2010 WL 2218095 at *2 (S.D.N.Y. June 2, 2010) (judge's discretion); <u>Karvaly v. Ebay, Inc.</u>, 245 F.R.D. 71, 91 (E.D.N.Y. 2007) (not conditional certification case, no workplace notice involved); <u>Hintergerger v. Catholic Health Sys.</u>, 08-cv-380S, 2009 WL 3464134, at *13 (W.D.N.Y. Oct. 21, 2009) and <u>Gordon v. Kaleida Health</u>, 08-cv-378S, 2009 WL 3334784, at *11 (W.D.N.Y. Oct. 14, 2009) (same judge, only finding the request "premature").

Defendants additionally argue that a workplace notice violates their First Amendment rights. This argument is specious at best as employers are routinely obligated by law to post notices in the workplace. <u>See</u> <u>e.g.</u> 29 C.F.R §516.4 (detailing FLSA workplace posting law); 29 C.F.R. §1903.2 (detailing Occupational Safety & Health Administration workplace posting law).

**B.     The Requested Contact Information Is Appropriate**

Defendants concede that Plaintiffs are entitled to names and mailing addresses, but oppose any further disclosure. Courts in this Circuit routinely grant requests for email addresses, telephone numbers and dates of employment. <u>See</u>, <u>e.g.</u>, <u>Pippins v. KPMG LLP</u>, 11 CIV. 0377 (CM)(JLC), 2012 WL 19379 (S.D.N.Y. Jan. 3, 2012) ("given the reality of communications today, that the provision of email addresses and email notice in addition to notice by first class mail is entirely appropriate"); <u>Ahmed v. T.J. Maxx Corp.</u>, CV 10-3609 (ADS)(ETB), 2012 WL 5507329 (E.D.N.Y. Nov. 14, 2012) (same); <u>Rosario v. Valentine Ave. Disc. Store, Co., Inc.</u>, 828 F. Supp. 2d 508, 522 (E.D.N.Y. 2011) (telephone numbers and dates of employment appropriate) (collecting cases); <u>Whitehorn v. Wolfgang's Steakhouse, Inc.</u>, 09 CIV. 1148 (LBS), 2010 WL 2362981 (S.D.N.Y. June 14, 2010) ("the disclosure of putative class members' last known telephone numbers is appropriate to facilitate the speedy collection of data so that Plaintiff may

quickly move for conditional certification and potentially begin the opt-in process") (collecting cases).  The only possible reason to oppose this request is to limit the scope of the notice and to discourage participation.

C.    **The Requested Content of the Notice of Pendency is Appropriate**

Defendants argue that the notice should include information regarding Defendants' independent contractor defense.  Courts have previously limited the depth of any statement of defenses.  See Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 59 (S.D.N.Y. 2009) (statement that "[defendant] denies that they violated the Fair Labor Standards Act" sufficient); Rosario, 828 F.Supp. at 520 (sufficient to state that "the defendant has denied the allegations of the lawsuit and has raised various defenses).  Any other result would lead the parties down a rabbit hole of full blown briefing on the merits and defenses of the action which is unnecessary for this notice.

Defendants request language informing that participation involves costly discovery obligations.  Courts in this circuit have previously ruled that such verbiage is improper. Schwerdtfeger v. Demarchelier Management, Inc., No. 10 Civ. 7557, 2011 WL 2207517 at *6 (S.D.N.Y. June 6, 2011) (Courts in this Circuit have generally disapproved of including language indicating burdensome and costly discovery as such language would "likely intimidate putative class members from opting into the case"); Garcia v. Pancho Villa's of Huntington Village, Inc., 678 F.Supp.2d 89, 95 (E.D.N.Y. 2010) (rejecting defendant's request to include a "statement that the individuals who opt in will be subject to discovery obligations, depositions, trial testimony").

Defendants object to a 90-day opt-in period and disingenuously assert that courts "at most" grant a 60-day period.  See e.g. In re Milos Litigation, No. 08 Civ. 6666 (LBS), 2010 WL 199688 at *2 (S.D.N.Y. Jan. 11, 2010) (90 day period approved); Fang v. Zhuang, No. 10-CV-1290 (RRM)(JMA), 2010 WL 5261197 at *4 (E.D.N.Y. Dec. 1, 2010) (same).  Particularly given

12

the high rate of turnover at Defendants' business, it is increasingly likely that Defendants will not have current addresses and phone numbers which may necessitate additional time to locate the putative collective members during the opt-in period.

Defendants pre-emptively object to the use of a "reminder" notice following the initial mailing. A reminder is undoubtedly an excellent way to ensure that prospective plaintiffs have every opportunity to participate, which has been recognized by several courts. See e.g. Sanchez v. Sephora USA, Inc., No. 12 Civ. 0043 (NRB), 2012 WL 2945753 at *6 (N.D. Cal. July 18, 2012) ("courts have recognized that a second notice or reminder is appropriate in an FLSA action since the individual is not part of the class unless he or she opts-in"); Jennings v. Cellco P'ship, No. 12-00293, 2012 WL 2568146 at *6 (D.Minn. July 2, 2012).

Defendants request a prominent statement that opt-ins may select their own counsel. The proposed Notice already states: "If you elect to join this case by filing a 'Notice of Consent' you may choose to be represented by counsel of your own selection, or you may agree to representation by Plaintiffs' counsel."

Lastly, Defendants object to the inclusion of language regarding Plaintiffs' counsel's contingency fee arrangement, but cite no reasoning or case law to support this argument.

### D. Defendants Should Provide Contact Information Over a Six Year Period

Defendants argue that Notice should only be given to potential plaintiffs that worked for Defendants within three years of the filing of this action; however, Plaintiffs only requested a class list covering a six year period, not permission to send the Notice to all six years of employees. This has been approved by courts in the Second Circuit as Plaintiffs are entitled to this information in discovery. See e.g. Raniere, 827 F.Supp. at 327; Avila v. Northport Car Wash, Inc., No. 10-cv-2211 (LDW)(AKT), 2011 WL 833642 (E.D.N.Y. Mar. 10, 2011).

13

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the Court (i)

conditionally certify this action as a collective action pursuant to Section 216(b) of the FLSA;

(ii) approve the issuance of the proposed Notice and Plaintiff Consent Form to prospective

plaintiffs; (iii) approve the posting of the Notice in a conspicuous place in Defendants' place of

business, and (iv) order Defendants to provide the names, addresses, home and mobile telephone

numbers, email addresses, and dates of employment of all Drivers, Chauffeurs and similar

positions from a date six years prior to the filing of this action.

Dated: August 29, 2013
      New York, New York            Respectfully submitted,

                        THOMPSON WIGDOR LLP

By: _____
                      Douglas H. Wigdor
                      David E. Gottlieb

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@thompsonwigdor.com
dgottlieb@thompsonwigdor.com

*Counsel for Plaintiffs*